UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GARVESTER BRACKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1802 NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to supplement his complaint. Plaintiff's motion will be denied and this action will be dismissed pursuant to Fed.R.Civ.P.41.

### Background

On November 22, 2016, the Court ordered plaintiff to amend his complaint on a court-form, pursuant to Local Rule 2.06(A), and additionally ordered plaintiff to file a motion to proceed in forma pauperis and file a copy of his prison account statement or pay the full filing fee in this action. *See* 28 U.S.C. § 1915. The Court gave plaintiff specific instructions relative to amending his complaint on the court-form.

### Discussion

Instead of amending his complaint within the time specified, plaintiff filed a motion to supplement his complaint. The Court does not allow amendments by interlineation or supplementation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008).

Plaintiff also failed to file a separate motion to proceed in forma pauperis, although he did file a copy of his prison account statement. Unfortunately, the Court cannot proceed without

the benefit of an action motion or an actual fully paid filing fee, as noted in the Court's November 22, 2016 Memorandum and Order.

Plaintiff has failed to comply with the Court's November 22, 2016 Memorandum and Order. As a result this action is subject to dismissal pursuant to Fed.R.Civ.P.41(b).

Additionally, plaintiff's complaint is also subject to dismissal because the claims in plaintiff's complaint are *Heck*-barred. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

In plaintiff's original complaint, plaintiff, who is currently incarcerated in South Central Correctional Center ("SCCC"), asserts that three state prosecutors violated his rights by initiating and commencing a felony prosecution against him in violation of the Fourth Amendment. *See State v. Bracken*, Case No. 0822-CR06710-01 (22nd Judicial Circuit, St. Louis City). Plaintiff's conviction for attempted deviate sexual assault, forcible rape and second degree domestic assault has not been overturned on appeal or by habeas corpus. Thus, plaintiff's complaint against defendants is *Heck*-barred.

Because plaintiff has failed to comply with the Court's Order dated November 22, 2016 and failed to file an amended complaint on a court-form, in addition to a motion to proceed in forma pauperis, this action is subject to dismissal pursuant to Fed.R.Civ.P.41(b). Additionally, plaintiff's complaint is also subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed.R.Civ.P.41(b) and *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   28th   day of February, 2017.

    \s\   Jean C. Hamilton
    JEAN C. HAMILTON
    UNITED STATES DISTRICT JUDGE