# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GARVESTER BRACKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1802 NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's "objections" filed in support of his notice of appeal in this matter. The Court will construe plaintiff's objections as a motion for reconsideration of the dismissal of his action.

Plaintiff, an inmate at South Central Correctional Center ("SCCC"), filed the instant action on November 21, 2016, against the State of Missouri and three Missouri State prosecutors. In his action against defendants brought pursuant to 42 U.S.C. § 1983, plaintiff asserted that defendants violated his rights by initiating and commencing a felony prosecution against him in violation of the Fourth Amendment. After initially reviewing plaintiff's complaint on November 22, 2016, the Court noted plaintiff's failure to state a claim upon which relief may be granted and told plaintiff to amend his complaint on a court-form within a timely manner. The Court also noted the ways in which plaintiff's original complaint failed to state a claim and provided specific means by which plaintiff was required to amend his complaint. Plaintiff was warned that all claims must be included in one-centralized complaint form.

Plaintiff failed to file an amended complaint in a timely manner, and he also failed to file a separate motion to proceed in forma pauperis or pay the full filing fee in this matter. Thus, the

Court noted in its February 28, 2017 Memorandum and Order that plaintiff's claims were subject to dismissal pursuant to Fed.R.Civ.P.41(b).[1] Additionally, the Court noted that plaintiff's claims in his original complaint were also *Heck*-barred, as his state court conviction for attempted deviate sexual assault, forcible rape and second degree domestic assault has not been overturned on appeal or by habeas corpus. *See State v. Bracken*, No. 0822-CR06710-01(22nd Judicial Circuit, St. Louis City); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

In his objections to the dismissal, plaintiff states that the only reason the Court dismissed the complaint is because he failed to submit a certified account statement. Plaintiff has misread the Court's Memorandum and Order issued on February 28, 2017 attached to the Order of Dismissal. As outlined above, there were several reasons for the dismissal order, not the least of which was his failure to file a separate motion to dismiss, a new amended complaint on a court-form, and as a result of his claims against the prosecutors being *Heck*-barred. Plaintiff's objections, therefore, will be overruled and his motion for reconsideration will be denied.

Accordingly,

---

[1]The Court further noted that although plaintiff had filed a supplement to his original complaint, he had failed to file a full amended complaint on a court-form as he was told to do in the Court's November 22, 2016 Memorandum and Order. The Court requires full complaints, rather than supplements to pleadings for many reasons, not the least of which is the reason that neither the Court nor defendants should be required to deal with piecemeal litigation tactics. It is not easy for either the Court or counsel to look through the record to find parts of pleadings to attempt to file an Answer to, or for the Court to look through, for Motion to Dismiss purposes or Motion for Judgment on the Pleadings purposes. The burden should be on plaintiff to submit one cogent complaint that falls within the requirements of Rules 8 and 10.

**IT IS HEREBY ORDERED** that plaintiff's "objections," which the Court construes as a motion for reconsideration of the dismissal of this action [Doc. #16] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this  24th  day of April, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE